SAMUEL PILLSBURY *vs.* CITY OF ROCKLAND.

Knox.    Opinion May 2, 1893.

*Way.    Use.    Boundary.    Damages.    R. S., c. 18, § 95.*

Upon the question of damages for taking land in locating and establishing the side-lines of a street, it appeared that the street had existed upwards of forty years and the plaintiff's store had been erected over thirty years fronting on the street.   The street was not widened and the line established was close to the front of the building, which was allowed to remain the same as before.   There was a wall three feet in front of and parallel with the building, with cross-walls extending under flag-stones to the foundations of the building.   The flag-stones, making a sidewalk over the cross-walls, extended four feet into the street.   There was no obstruction to the use of the street.

*Held;* That the plaintiff had a right to erect the walls and use them with the subterraneous spaces between so long as he keeps them safely and securely covered.

*Also,* that no new burden was placed on his land in thus locating and establishing the side line of the street; or any old burden enlarged; and that he is not entitled to damage.

AGREED STATEMENT.

This was an appeal by complainant from an award of damages in a proceeding, by the city of Rockland, to locate and establish the bounds of Main street in said city, and which bounds had never been legally established.

The case was submitted upon the following agreed statement of facts :

"Appeal from the award and proceedings of the city of Rockland, establishing the bounds in Main street in said Rockland, in 1890.

"Prior to said proceedings in 1890, there is no record of the laying out or establishing of said street ; nor were there any records or monuments by which the bounds of said street could be made certain.

"Said street had been used by the public as a street for more than forty years prior to 1890.

"At the time when said proceedings were had, Samuel Pillsbury was the owner of a lot of land on the westerly side of said Main street, on which he had erected a brick building or block three stories in height, which had remained in the said loca-

tion for more than thirty years, and now occupies the same position.

"When said Pillsbury built said block he excavated for a basement, and constructed the front basement wall along what he then deemed to be the western line of said street, though more into or towards the street, as then used, than the adjoining (Farnsworth) building. . . .

"The lower story of said block is divided into separate stores or rooms by brick walls, so also is the basement.

"The face of the lower story of said building, fronting on Main street, consists of an iron frame resting on granite pillars or posts for support. Said iron front and pillars or supports are back from the front basement wall about three feet, and cross-section walls of brick are built from said granite pillars to said basement wall.

"The iron front of said building is and always has been about fourteen inches and one half back from the front of the adjoining building of Farnsworth. . . .

"Said building is erected above the street so that there are two steps, each from six to eight inches in height, from the walk to the entrance to the stores on the first floor.

"Immediately after the erection of said building said Pillsbury caused the space between said stone pillars and said basement wall, and also said basement wall and a space, more than four feet outside of the same, to be covered with cut granite flag-stones, fitted so as to surround the openings, . . . and leaving said openings for air, light and steps to the basements aforesaid.

"Said Pillsbury also built and has ever since maintained doors and windows between said granite pillars in said basement opposite said openings. At the same time said Pillsbury fitted plank coverings or shutters to said openings, which have ever since covered said openings, except as they have been removed by the tenants and occupants of said basements, as occasion might require, for purposes connected with their occupancy.

"The basements aforesaid have never been occupied separately from the stores in the lower story of the building.

"The space covered by said flag-stones and shutters has always been used by the public as a sidewalk, except when such use has been interrupted by the removal of said shutters as before stated, though said Pillsbury has always maintained and repaired at his own expense, when needed, all of the walk in front of said building, until the laying out of the street aforesaid ; and the granite flag-stones aforesaid are now taken and used by said city for a sidewalk in the same position as formerly.

"The westerly line of said street, as established by said proceedings, runs close to the iron posts of said building. . . .

"The case is submitted to the law court upon the foregoing statement, upon which the court is to determine whether the complainant is entitled to damages. If entitled, what was, before and at the time of said proceedings, the western line of the street, under the provisions of § 95, of ch. 18, R. S. ? — the damages to be assessed at *nisi prius*. If not so entitled the complaint is to be dismissed."

The plaintiff claimed that the basement wall is to be deemed the true bound of the street under R. S., c. 18, § 95, which provides that : "When buildings or fences have existed more than twenty years upon any way, street or lane or land appropriated to public use, the bounds of which cannot be made certain by records or monuments, such buildings or fences shall be deemed the true bounds thereof."

*Mortland and Johnson*, for plaintiff.

All inside of the basement wall, whether excavation or elevation, by building openings and steps leading to and from the walk into the basements to afford access to light and air and to facilitate traffic, became and is a part of the building. It is a portion of the building within R. S., c. 18, § 95. As the court said of this statute in *Farnsworth* v. *Rockland*, 83 Maine, 508, "It means that portion of the building which rests upon the ground and does, in fact, bound and limit the way." We say the basement structure "limits" the way. It was such, with the openings, their use, &c., as to notify the public that they were for private use, and not within the limits of the public way.. City not liable for injuries occurring inside the openings or·

o

between the four-foot walk and the granite pillars.  *Stockwell* v. *Fitchburg*, 110 Mass. 305.   It would be unjust to permit the city, without compensation, to take the granite walk, the openings, curbs, &c., and fill up the openings, as they may do.

*W. H. Fogler*, City Solicitor, for defendant.

That the excavation outside the building was kept covered by the plaintiff, and the openings were closed by planks instead of being surrounded by railings, indicate that the excavation and its use was regarded by him as subservient to the public use.

Counsel also cited, besides the authorities by defendant in *Farnsworth* v. *Rockland*, 83 Maine, 508 ; 2 Dill. Mun. Corp. 3d Ed. § § 699, 700, 734, 1027 ; *Underwood* v. *Carney*, 1 Cush. 285 ; *O'Linda* v. *Lothrop*, 21 Pick. 292 ; *McCarthy* v. *Syracuse*, 46 N. Y. 194 ; *Fisher* v. *Thirkill*, 21 Mich. 1 ; *Witham* v. *Portland*, 72 Maine, 539.

WALTON, J.   The question is whether the proceedings of the city of Rockland in locating and establishing the side lines of Main street in front of Pillsbury Block were such as to entitle the owner to damage.

We think not.   The proceedings were in 1890.   The street had then existed for over forty years and the block had been erected for over thirty years.   Presumptively the front of the block was the line of the street.   And it is still the line of the street. ·  At that point the street was not widened.   It was allowed to remain precisely as it had remained for over thirty years.   True, there· was a wall about three feet in front of the block, with cross-walls extending from it to the foundations of the building.   But these walls were wholly beneath the surface of the sidewalk, and were covered with granite flag-stones, and the sidewalk extended from the front of the building over these subterraneous walls and into the street four feet.   As these subterraneous walls in no way obstructed the use of the street, the owner of the building had a right to put them there, and he will have the right to continue them there.   And he will have the right to keep the spaces between the walls open and unob-

structed so long as he keeps them safely and securely covered. Such areas are very common, and they are not unlawful and the city authorities will have no right to fill them up.

We are unable to discover that any new burden was placed upon the complainant's land by the action of the city authorities in 1890; or that any old burden was enlarged; or that any possible inconvenience to him was thereby created; and our conclusion is that he is not entitled to damage.

*Appeal dismissed.*

PETERS, C. J., LIBBEY, FOSTER and HASKELL, JJ., concurred.